UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL A. AITKENS,<br><br>    Petitioner,<br><br>v.<br><br>KEVIN R. CHAPPELL, Warden,<br><br>    Respondent. | Case No. 14-cv-03759-JST (PR)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a state prisoner incarcerated at San Quentin State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Napa County Superior Court. He has paid the $5.00 filing fee.

**BACKGROUND**

On January 17, 2003, petitioner pled no contest to assault with force likely to produce great bodily injury. People v. Aitkens, No. A133513, 2012 WL 3578652, *1-2 (Cal. Ct. App. Aug. 21, 2012). He was sentenced to eight years in state prison to run consecutive to his sentence in a separate Napa County case for attempted murder as well as his sentence in a separate case brought in Placer County for arson. Id. In February 2005, following reversal and remand in the Placer arson case, the trial court dismissed that case. Id. at *3. Several years later, on April 8, 2011, an employee of the California Department of Corrections and Rehabilitation sent a letter to the trial court in the Napa assault case indicating that the abstract of judgment and/or minute order might be incomplete as a result of the dismissal of the sentence in the Placer arson case. Id. at *4.

The trial court in the Napa assault case held a hearing on the issue on September 23, 2011 (the resentencing hearing). Id. At the resentencing hearing, petitioner moved to withdraw his plea. Id. The trial court denied the motion. Id. at *5. On the issue of modifying the sentence, the trial court ordered the abstract of judgment modified to delete reference to the Placer arson case, and in its place, to indicate that the sentence in the Napa attempted murder case would be the one

1  to which the sentence in the Napa assault case was to be served consecutively.  Id.  The court did
2  not change the base or enhancement terms originally imposed in the Napa assault case.  Id.
3  Petitioner unsuccessfully appealed to the California Court of Appeal and the Supreme Court of
4  California, which denied review on December 12, 2012.  (Petition at 3.)  Petitioner also filed
5  unsuccessful petitions for writ of habeas corpus in the state courts.  (Petition at 4-6.)  The instant
6  action was filed on August 19, 2014.

**DISCUSSION**

A.   Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

B.   Claims

As grounds for federal habeas relief, petitioner claims that:  (1) at the resentencing hearing in the Napa assault case, the trial court imposed a sentence that violated the terms of his plea agreement; and (2) appellate counsel rendered ineffective assistance by failing to raise the above claim on appeal.  Liberally construed, the claims appears cognizable under § 2254 and merit an answer from respondent.  See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons, and for good cause shown,

1. The Clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California.  The

Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **twenty-eight (28) days** of the date the answer is filed.

3. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: November 10, 2014

_____
JON S. TIGAR
United States District Judge